### PLACE v. PLACE.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. EXECUTORS—LIABILITIES OF ESTATE—SERVICES RENDERED TO DECEDENT—EVIDENCE.

   Where plaintiff sued an executrix for services rendered her testator, evidence that plaintiff was working at his own trade during the time he claimed to have been employed and independently of any employment by testator, was admissible.

2. SAME.

   Where plaintiff sued an executrix for services rendered her testator, evidence that, after the rendition of such services, other services were performed and a bill rendered for them, without including a charge for the services sued for, was admissible.

3. APPEAL—PRESENTATION OF QUESTIONS IN TRIAL COURT—SCOPE OF OBJECTION.

   An objection to testimony that, after the rendition of services sued for, other services were performed and a bill rendered for the same, without including a charge for the services sued for, as irrelevant and immaterial merely, does not present, on appeal, the objection that the bill itself was the best evidence.

Appeal from Trial Term, Suffolk County.

Action by Charles Place against Susan F. Place, as executrix of the last will and testament of William H. Place, deceased. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Willard N. Baylis, for appellant.
Timothy M. Griffing, for respondent.

PER CURIAM. The record contains exceptions which we think require a reversal of the judgment. The defendant should have been permitted to show that the plaintiff was working at his own trade, independently of any employment by the defendant's testator, during the time that he claims to have been employed by said testator. The defendant should also have been permitted to show that after the rendition of the services sued for other services were performed and a bill rendered for the same which did not include any charge for the services sued for. No objection was made to the testimony offered on this head on the ground that the bill was the best evidence, but the objection was made on the ground that the testimony was irrelevant and immaterial. An objection that the bill itself was the best evidence might have been obviated by the production of the bill.

Judgment and order reversed, and new trial granted; costs to abide the event.